IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sheryl Auld, | C.A. No.: 3:23-cv-01428-SAL |
| Plaintiff, | |
| vs. | **C O M P L A I N T** |
| | (ERISA) |
| UNUM Life Insurance Company of America, | (Non-jury) |
| Defendant. | |

The Plaintiff, complaining of Defendant herein, would show unto this Honorable Court as follows:

1. Plaintiff was a citizen and resident of Richland County, South Carolina when she was entitled to group long-term disability and group life insurance benefits through her employer.

2. Plaintiff was a citizen and resident of Richland County, South Carolina when Defendant denied her claims for group long-term disability and group life insurance benefits through her employer.

3. Plaintiff now resides in Illinois.

4. Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Columbia, South Carolina.

5. In this matter, Plaintiff seeks long term-disability benefits and continuation of life insurance with a waiver of premiums under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

1

6. This court has jurisdiction to hear this matter based upon a federal question.

7. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (see 29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

8. Until August 2018, Plaintiff was employed with MERMEC, Inc.

9. As an employee of MERMEC, Inc, Plaintiff was eligible for group long-term disability (LTD) benefits through her employer. Said LTD benefits were provided by her employer ERISA plan, which were fully insured by Defendant.

10. As an employee of MERMEC, Inc, Plaintiff was eligible for group life insurance (Life) benefits through her employer. Said Life benefits were provided by her employer ERISA plan, which were fully insured by Defendant.

11. Besides being the insurer of the LTD and Life plans, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plans for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plans in which Plaintiff participated, Defendant is a proper party Defendant in the matter wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

12. Plaintiff is a very credible witness. She spent 30 years in the finance industry. At MERMEC, she served as the director of finance. She was 60 years old when her disability began.

13. Plaintiff became disabled because of certain problems from which she suffered, Plaintiff was forced to cease working.

14. Plaintiff timely filed a claim for LTD benefits from Defendant.

15. Plaintiff timely filed a claim for continuance of Life insurance with waiver

of premiums because of disability (LWOP) from Defendant.

16. Defendant initially granted Plaintiff's claim for LTD benefits on or about April 19, 2019. In its approval letter, Defendant found Plaintiff had become disabled on August 20, 2019, that her LTD benefits began February 6, 2019, and that her LWOP benefits began March 1, 2019.

17. By letter dated April 8, 2020, Defendant discontinued and denied Plaintiffs' benefits.

18. Plaintiff received the denial letter by mail a week later.

19. Plaintiff timely appealed Defendant's denial of LTD and LWOP on October 5, 2020.

20. Plaintiff has since fully exhausted her appeal rights and administrative remedies, but Defendant has failed and refused to provide additional benefits.

21. Defendant completed its review of the claims on October 15, 2021, and Issued its final denial on that date.

22. The federal government has recognized that Plaintiff is disabled and unable to engage in any substantial gainful activity.

23. Defendant's wrongful denial of benefits has caused Plaintiff severe financial distress. She lost her home and had to relocate to live with her sibling. She was homeless for a time.

## FOR A FIRST CAUSE OF ACTION

24. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

25. Defendant unreasonably denied Plaintiff's claims for LTD and Life benefits.

3

26. Defendant made its claims decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claims.

27. Defendant's decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, Defendant's decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions. Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

28. As a result of Defendant's unreasonable denial of benefits, Plaintiff has been forced to incur significant legal fees, costs, and expenses to secure her rightful benefits.

29. Defendant has the ability to satisfy an award of attorney's fees under 29 U.S.C. § 1132(g) and awarding Plaintiff reasonable attorney's fees would not be a hardship on Defendant.

30. Awarding attorney's fees would likely deter any continued mismanagement and mishandling of claims for benefits from this Defendant so as to prevent this type of situations from occurring to other plan participants.

31. Awarding Plaintiff reasonable attorney's fees is part of the legislative intent Congress expressed in 29 U.S.C. § 1001(b) in that ERISA was enacted to protect the interest of welfare plan participants by proving for appropriate remedies and sanctions when ERISA benefit plans are violated.

32. Based on the foregoing, Plaintiff is entitled to an Order declaring the existence of LTD benefits; declaring the existence of entitlement to basic and supplement Life benefits with LWOP; requiring Defendant to pay and provide said benefits; for an order grants Plaintiff reasonable attorney's fees, prejudgment interest, costs, and expenses; and for such other equitable relief as this Court deems just and proper.

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the LTD and LWOP benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

Respectfully submitted,

s/ Nekki Shutt_____
Nekki Shutt (Fed. I.D. No. 6530)
BURNETTE SHUTT & MCDANIEL, P.A.
P.O. Box 1929
Columbia, South Carolina 29202
Ph: (803)904.7912
nshutt@burnetteshutt.law

ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina

April 8, 2023

3:23-cv-01428-SAL     Date Filed 04/08/23     Entry Number 1     Page 6 of 6